DJW/1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**AFFILIATED FOODS MIDWEST**
**COOPERATIVE, INC.,**

               **Plaintiff,**

                                       **CIVIL ACTION**

**v.**

                                       **No. 10-2012-JAR-DJW**

**WOLF CREEK MARKETPLACE,**
**INC., et al.,**

               **Defendants.**

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion to Strike (doc. 23), in which Plaintiff asks the Court to strike Defendants' answers to Paragraphs 32 and 36 of Plaintiff's Complaint. For the reasons set forth below, the motion is granted; however, Defendants will be granted leave to amend their answers to comply with Federal Rule of Civil Procedure 9(c).

**I.**     **Nature of the Matter Before the Court**

Plaintiff sues Defendant Wolf Creek Marketplace, Inc. ("Wolf Creek") for breach of a Supply Agreement (Count I) and for breach of an agreement relating to equipment-buying services ("Equipment Agreement") (Count II). Plaintiff also sues Ed McIntosh, John Bell, and Kevin Barclay for breaching personal guaranties that Plaintiff claims each entered into to guarantee Wolf Creek's obligations under the Supply Agreement (Counts III-V).

In Paragraph 32 of its Complaint, Plaintiff alleges that it "performed all necessary conditions precedent in the Supply Agreement."[1] Similarly, in Paragraph 36 of its Complaint, Plaintiffs alleges that it "performed all necessary conditions precedent under the [Equipment] agreement."[2]

Wolf Creek and Ed McIntosh filed a joint Answer to the Complaint, in which they simply "denied" the allegations of Paragraphs 32 and 36.[3] Kevin Barclay filed an individual Answer, but one that was identical to the joint Answer of Wolf Creek and McIntosh.[4]

John Bell filed an individual Answer, and, in response to Paragraph 32, stated that he "is without sufficient knowledge to affirm or deny the value of the inventory as stated in Paragraph 32, and therefore, denies the same."[5] In response to Paragraph 36, Bell stated that he "is without sufficient knowledge to affirm or deny the allegations as stated in Paragraph 36, and, therefore, denies the same."[6]

## II. The Parties' Arguments

Plaintiff argues that the answers of Wolf Creek, McIntosh, and Barclay to Paragraphs 32 and 36 of the Complaint are mere general denials which violate Federal Rule of Civil Procedure 9(c) because they do not deny "with specificity" that the conditions precedent have occurred or been performed. Plaintiff argues that if Wolf Creek, McIntosh, and Barclay contend that Plaintiff has not complied with one or more conditions precedent then they have the obligation to identify with

---

[1] Compl. (doc. 1) ¶ 32.

[2] *Id.* ¶ 36.

[3] *See* Wolf Creek and McIntosh Answer (doc. 14) ¶¶ 21 & 25.

[4] *See* Barclay Answer (doc. 15) ¶¶ 21 & 25.

[5] *See* Bell Answer (doc. 20) ¶ 32.

[6] *Id.* ¶ 36.

particularity the specific conditions precedent that Plaintiff allegedly did not perform so as to give notice to Plaintiff. Plaintiff asks the Court to strike their answers to Paragraphs 32 and 36.

Plaintiff also asks the Court to strike Bell's answers to Paragraph 32 and 36 because under Federal Rule of Civil Procedure 8(b)(5) Bell's pleading a lack of sufficient information to form a belief about the truth of Plaintiff's allegations is deemed a denial. Such a denial, according to Plaintiff, fails to meet the "specificity" requirement of Rule 9(c).

Defendant Bell argues that striking is not necessary because in other paragraphs of the Complaint, performance of certain specific conditions has been pled and that he has answered those allegations and specifically denied each of them. Bell argues that those other paragraphs of the Complaint allege the execution of the Supply Agreement (Compl. ¶¶ 10 & 26), Plaintiff's performance under both agreements (Compl. ¶¶ 12 & 23), Wolf Creek's breach of both agreements (Compl. ¶¶ 16, 31, 37 & 50-52), Plaintiff's submission of invoices to Wolf Creek (Compl. ¶ 24), and Plaintiff's deeming itself insecure (Compl. ¶ 19). Bell asserts that he responded to each of these allegations with specificity in his Answer, and that he should not be further required to specify the nonperformance of conditions precedent merely because Plaintiff makes a generalized allegation that it performed all conditions precedent.

Defendants Wolf Creek, McIntosh, and Barclay make a similar argument. They state that Paragraphs 7-20 of the Complaint set forth specific allegations that Plaintiff satisfied the conditions precedent to the Supply Agreement, while Paragraphs 23-28 of the Complaint set forth allegations that Plaintiff satisfied the conditions precedent to the Equipment Agreement. Moreover, Wolf Creek, McIntosh, and Barclay argue that it is not necessary for them to specifically deny the allegation that Plaintiff performed all conditions precedent under the Equipment Agreement because in Paragraphs 24 and 26 of their Answers they deny the existence of any such agreement.

## III. Applicable Law

Federal Rule of Civil Procedure 9(c) governs the pleading of conditions precedent. It provides as follows: "In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed. But when denying that a condition precedent has occurred or been performed, a party must do so with particularity."[7]

The Tenth Circuit "has specifically held that when a defendant does not plead nonperformance of a condition specifically and with particularity as required by Rule 9(c), the failure of the condition is not an issue in the case."[8] In other words, the right of the defendant to assert the nonperformance is waived. While the Tenth Circuit has not interpreted Rule 9(c)'s requirement that the denial be pled "with particularity," the Seventh Circuit has interpreted this standard to mean that the pleading party must "specifically allege" each particular condition precedent that has not been performed.[9]

Federal Rule of Civil Procedure 12(f) provides that "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[10] The court may strike the material on its own or pursuant to a motion made by a party either before responding

---

[7] Fed. R. Civ. P. 9(c).

[8] *Anderson v. United Tel. Co. of Kan.*, 933 F.2d 1500, 1507 (10th Cir. 1991) (citing *Lumbermens Mut. Ins. Co. v. Bowman,* 313 F.2d 381, 387 (10th Cir. 1963); *Brooks v. Monroe Sys. for Bus., Inc.*, 873 F.2d 202, 205 (8th Cir. 1989); *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1001, 1009 (11th Cir. 1982); *McKee-Berger-Mansueto v. Bd of Educ.*, 626 F.2d 559, 562-63 (7th Cir. 1980); *Ginsburg v. Ins. Co. of N. Am.*, 427 F.2d 1318, 1321-22 (6th Cir. 1970).

[9] *See Runnemede Owners, Inc. v. Crest Mortg. Corp.*, 861 F.2d 1053, 1057-58 (7th Cir. 1988) ("[A] party who intends to controvert the claimant's general allegation of performance is . . . given the burden of identifying those conditions he believes are unfulfilled and wishes to put into issue.") (quoting Charles Alan Wright and Arthur R. Miller, 5 *Federal Practice and Procedure* § 1304).

[10] Fed. R. Civ. P. 12(f).

4

to the pleading, or if a response to the pleading is not allowed, within twenty-one days of being served with the pleading.[11] (Here, Plaintiff's Motion to Strike was filed within twenty-one days of Plaintiff being served with Defendants' Answers, and there is no issue regarding the timeliness of the motion.)

"[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."[12] Motions to strike, however, are generally disfavored,[13] and are usually not granted absent a showing of prejudice to the moving party.[14] Generally speaking, "any doubt concerning the import of the allegations to be stricken weighs in favor of denying the motion to strike."[15]

In light of the above, where an answer or a portion of the answer is deficient, the court may strike the answer or portion thereof and require the answering party to amend its answer to include more specific allegations.[16] Indeed, it has been held that "[a] court granting a Rule 12(f) motion should generally grant leave to amend, unless the amendment would be futile."[17]

---

[11]*Id.*

[12]*Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

[13]*Semsroth v. City of Wichita,* No. 06-2376-KHV-DJW, 2008 WL 45521, at *2 (D. Kan. Jan 2, 2008) (citing *Nwakpuda v. Falley's, Inc*., 14 F.Supp. 2d 1213, 1215 (D. Kan. 1998)).

[14]*Id*. (citing *Sunlight Saunas, Inc. v. Sundance Sauna, Inc*., 427 F.Supp. 2d 1022, 1029 (D. Kan. 2006)).

[15]*Smith v. Wal-Mart Stores*, No. C 06-2069 SBA, 2006 WL 2711468, at *2 (N. D. Cal. Sept. 20, 2006) (citation omitted).

[16] *See id* (citations omitted).

[17]*Freeman v. Alta Bates Summit Med. Ctr*., No. C 04-2019 SBA, 2004 WL 2326369, at *2 (N.D. Cal. Oct. 12, 2004) (citing *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *Cates v. Int'l Tel. & Tel. Corp.*, 756 F.2d 1161, 1180 (5th Cir. 1985)). *See*
(continued...)

## IV. Analysis

As a threshold matter, the Court notes that the obligation to specifically deny the performance of a condition precedent under Rule 9(c) only comes into play if the pleading party alleges performance of the conditions precedent. As the Rule recognizes, "it suffices to allege generally that all conditions precedent have occurred or been performed."[18] Here, Plaintiff's general averments in Paragraphs 32 and 36 of the Complaint that it had "performed all necessary conditions precedent" satisfy that requirement. Thus, for Defendants to have properly denied that the conditions precedent were performed, Defendants were required to make that denial "with particularity." In other words, Defendants, in responding to Paragraphs 32 and 36 of the Complaint, were required to specifically allege *each particular condition precedent* that they contend was not performed.

The Court holds that Defendants Wolf Creek, McIntosh, and Barclay's simple denials did not satisfy this requirement. Bell's answers that he was without sufficient knowledge to affirm or deny the allegations also failed to satisfy this requirement.

The Court is not persuaded by Defendants' arguments that they were not required to specify the particular conditions precedent in answering Paragraphs 32 and 36 of the Complaint because they had already specifically denied other paragraphs of the Complaint concerning performance of the agreements. Rule 9(c) still required Defendants to identify *in response to Paragraphs 32 and 36* the particular conditions precedent that they contend Plaintiff has not performed. Even to the

---

[17](...continued)
*also* 2 J. Moore, et al., *Moore's Federal Practice* § 12.37 ("If a motion to strike is granted, the court should ordinarily grant the defendant leave to amend so long as there is no prejudice to the opposing party.").

[18]*See* Fed. Rule. Civ. P. 9(c).

6

extent that Wolf Creek, McIntosh, and Barclay deny the existence of any Equipment Agreement, Defendants were still required to plead in response to Paragraph 36 with more than a mere "denied." Rather, Defendants should have made it clear that the reason they were denying Plaintiff's allegation that it had performed all necessary conditions precedent under the Equipment Agreement was because Defendants deny the existence of any such agreement in the first place.

In light of the above, the Court will strike Defendants' answers to Paragraphs 32 and 36 of Plaintiff's Complaint. At the same time, however, the Court will direct Defendants to amend their answers to those paragraphs so as to comply with Rule 9(c). Defendants shall amend their answers to Paragraphs 32 and 36 of Plaintiff's Complaint on or before **August 20, 2010.**

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Strike (doc. 23) is granted.

**IT IS FURTHER ORDERED** that Defendants shall amend their answers to Paragraphs 32 and 36 of Plaintiff's Complaint on or before **August 20, 2010.**

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 11th day of August 2010.

s/ David J. Waxse
David J. Waxse
U. S. Magistrate Judge

cc: All counsel and *pro se* parties