DJW/1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AFFILIATED FOODS MIDWEST
COOPERATIVE, INC.,

                                          CIVIL ACTION
            Plaintiff,

v.                                     Case No. 10-CV-2012 JAR/DJW

WOLF CREEK MARKETPLACE, INC.,
ED MCINTOSH,
JOHN BELL, and
KEVIN BARCLAY,

           Defendants.

## REPORT AND RECOMMENDATION

### NOTICE

Within **fourteen days** after a party is served with a copy of this Report and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the Report and Recommendation. A party must file any objections within the fourteen-day period if that party wants to have appellate review of the proposed findings of fact, conclusions of law, or recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

### REPORT AND PROPOSED FINDINGS

On November 12, 2010, District Judge Julie Robinson referred Plaintiff's Motion for Turnover of Funds (ECF No. 45) to Magistrate Judge David J. Waxse for a report and recommendation.

Plaintiff filed its Motion on September 10, 2010, asking the Court for a turnover of the proceeds of the collateral for which Plaintiff has a senior secured position. Plaintiff's motion is

brought pursuant to Neb. Rev. Stat. U.C.C. § 9-607(a)(2).[1] More specifically, Plaintiff seeks an order directing Defendant Wolf Creek Marketplace, Inc. to deliver up an amount in excess of $80,000, which Plaintiff claims are the undisputed proceeds of Plaintiff's collateral. Plaintiff has sued Defendants for breach of a supply agreement. Plaintiff contends that, pursuant to the supply agreement, Defendant Wolf Creek granted Plaintiffs a purchase money, first priority, security interest in all assets sold by Plaintiff to Defendant Wolf Creek, and all of Defendant Wolf Creek's inventory, and agreed not to permit competing security interests or liens to exist. Plaintiff contends that the supply agreement also states that Defendant Wolf Creek granted Plaintiff a security interest in and lien upon all inventory delivered to Defendant Wolf Creek by Plaintiff, and that Defendant Wolf Creek agreed not to encumber the inventory with a lien superior, or with higher priority, than Plaintiff's security interest. Plaintiff further contends that it perfected its security interest in Defendant Wolf Creek's inventory by filing a UCC-1 Financing Statement with the office of the Kansas Secretary of State on May 22, 2009. Plaintiff alleges that Defendant Wolf Creek breached the supply agreement and is in default.

According to Plaintiff, based on documents subpoenaed from First State Bank and Trust Company, located at 15506 Pinehurst Drive, Basehor, Kansas, Plaintiff has reason to believe that net sale proceeds of Defendant Wolf Creek's inventory, over which Plaintiff held a senior, perfected security interest, are presently on deposit at First State Bank and Trust Company. Plaintiff claims that account statements for Defendant Wolf Creek for the months of January, February, and March 2010 in an account bearing an account number ending in 9460 ("Account 9460") show significant

---

[1] Neb. Rev. Stat. U.C.C. § 9-607(a)(2), provides as follows: "If so agreed, and in any event after default, a secured party . . . may take any proceeds to which the secured party is entitled under section 9-315."

deposits to Defendant Wolf Creek's account, and that counsel for Defendant Wolf Creek has represented to Plaintiff's counsel that more than $80,000 in proceeds of the inventory are presently on deposit in First State Bank and Trust Company.

Plaintiff asserts that it is entitled to take any identifiable proceeds of the inventory. Plaintiff therefore seeks an order directing Defendant Wolf Creek to assign Account 9460 to Plaintiff and transferring to Plaintiff all funds representing proceeds of the inventory. At this time, Plaintiff does not seek an accounting of the proceeds, but only seeks an order directing Defendant Wolf Creek to deliver up an amount in excess of $80,000, which Plaintiff claims are the undisputed proceeds of Plaintiff's collateral.

As of the date of this Report and Recommendation, Defendants, each of whom has appeared through counsel, have not filed any opposition to the Motion.

## RECOMMENDATION

After considering the motion and the supporting affidavits and exhibits, the Court recommends that Plaintiff's motion be granted and the following order entered:

Defendants shall deliver to Plaintiff all net proceeds of the sale of Wolf Creek Marketplace inventory, which the record before the Court indicates is in an amount exceeding $80,000, within seven days of the entry of this Order, either by cashier's check, teller check or by assignment of all rights to the account or accounts in which such funds are held.

Defendants are enjoined from transferring or otherwise disposing of any of the proceeds of the inventory referenced herein other than to Plaintiff, as set forth herein.

Plaintiff is authorized to take all appropriate and necessary actions to assist in the transfer of the aforementioned proceeds to Plaintiff to effectuate this Order.

Respectfully submitted.

Dated in Kansas City, Kansas on this 12th day of November 2010.

David J. Waxse
U.S. Magistrate Judge

cc: All counsel and *pro se* parties